# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2549

———————

Ricky E. Mellon,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　*　District of Arkansas.
Michael J. Astrue,　　　　　　　　　*
Social Security Commissioner,　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　　*

———————

Submitted: December 2, 2011
Filed: December 7, 2011

———————

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Ricky E. Mellon appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon careful de novo review, see Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011), we find no basis for overturning the administrative law judge's (ALJ's) determination that Mellon was not disabled. Specifically, we reject Mellon's arguments (1) that the ALJ

---

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

failed to develop the record, see <u>Halverson v. Astrue</u>, 600 F.3d 922, 933 (8th Cir. 2010) (ALJ must order medical examinations and tests only if records presented do not provide sufficient evidence to determine whether claimant is disabled); (2) that the ALJ's credibility findings were not supported by substantial evidence; (3) that the opinion of consulting neuropsychologist Vann Smith was entitled to great weight, see <u>Charles v. Barnhart</u>, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not substantial evidence); and (4) that the ALJ's residual functional capacity (RFC) findings were not supported by substantial evidence, see <u>Jones v. Astrue</u>, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence). We decline to consider the arguments that Mellon raises for the first time on appeal. See <u>Flynn v. Chater</u>, 107 F.3d 617, 620 (8th Cir. 1997) (new arguments need not be entertained unless manifest injustice would result).

The district court is affirmed. <u>See</u> 8th Cir. R. 47B.

_____